2010 BNH 022
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                  Bk. No. 08-13353-MWV
                                                                                         Chapter 13
Cordelia Mosher,
                Debtor

Cordelia Mosher,
                Plaintiff

v.                                                                                       Adv. No. 09-1088-MWV

Evergreen Management, Inc., and
The Meadows at Chickering
Condominium Homeowners Association,
                Defendants

*Daniel R. Krislov, Esq.*
SMALL & LYONS
*Attorney for the Plaintiff*

*Gregory T. Uliasz, Esq.*
FENIGER & ULIASZ
*Attorney for the Defendants*

## MEMORANDUM OPINION

The Court has before it a complaint filed by Cordelia Mosher ("Mosher") against Evergreen Management, Inc. ("EMI"), and The Meadows at Chickering Condominium Homeowners Association ("MCCHA") (collectively, the "Defendants") asserting willful violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(6).[1]  The Court held a half-day trial on June 3, 2010, and continued the trial until June 15, 2010, for the Court's ruling.  At the close of the trial, the Defendants moved for a directed verdict.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On November 11, 2008, Mosher filed a voluntary Chapter 13 petition under the Bankruptcy Code. At the time of the filing, Mosher lived in a condominium unit ("condo") that was part of the MCCHA. EMI is the management company for the MCCHA and is in charge of collecting the MCCHA's condo fees from condo owners that belong to the MCHHA. Mosher listed the Defendants as creditors on her bankruptcy petition as follows: The Meadows at Chickering, c/o Evergreen Mgt., 17 Commerce Drive, Bedford, NH 03110. The certificate of notice attached to the notice of meeting of creditors, notice of confirmation hearing, and order confirming Chapter 13 Plan all contain the address for the Defendants as listed above with the ZIP code listed as 03110-**6981**. (emphasis added).

After filing for bankruptcy protection, Mosher received two statements and a letter from the Defendants. Mosher claims that the Defendants sent the statements and letter despite receiving notice of Mosher's bankruptcy filing. The Defendants deny ever receiving notice of Mosher's bankruptcy, because all notices contain an incorrect ZIP code for the Defendants. The Defendants purport that their correct ZIP code is 03110-**7059**. (emphasis added). Mosher claims that as a result of the Defendants' alleged violation of the automatic stay, she suffered actual damages in the form of emotional distress and attorney's fees and costs. Mosher also requests an award of punitive damages for the Defendants' conduct.

## DISCUSSION

At the close of the trial, the Defendants moved this Court to enter a directed verdict in their favor. As a preliminary matter, the Court will first discuss the merits of the Defendants' motion for directed verdict.

### I. Motion for Directed Verdict

"A motion for directed verdict is appropriate only in a jury trial; when made in a bench trial, a

motion for directed verdict is treated as a motion for judgment on partial findings under Fed. R. Civ. P. 52(c)." Yules v. Gillis (In re Gillis), 403 B.R. 137, 141 n.4 (B.A.P. 1st Cir. 2009). See also Federal Ins. Co. v. HPSC, Inc., 480 F.3d 26, 32 (1st Cir. 2007). Under Federal Rule of Civil Procedure 52(c),[2] made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7052, a court should grant judgment "[w]hen a party has finished presenting evidence and that evidence is deemed by the [judge] insufficient to sustain the party's position . . . ." Morales Feliciano v. Rullan, 378 F.3d 42, 59 (1st Cir. 2004).

> The motion should be granted where the plaintiff fails to make out a *prima facie* case, or despite a *prima facie* case, the court determines that the preponderance of evidence goes against the plaintiff's claim. The court does not evaluate the evidence under the standards governing a directed verdict. It does not draw any special inferences in the nonmovant's favor, or consider the evidence in the light most favorable to the nonmoving party. Instead, the court acts as both judge and jury, weighing the evidence, resolving any conflicts, and deciding where the preponderance lies.

Regency Holdings (Cayman), Inc. v. The Microcap Fund, Inc. (In re Regency Holdings (Cayman), Inc.), 216 B.R. 371, 374 (Bankr. S.D.N.Y. 1998). Because, as discussed *infra*, the Court finds that the preponderance of evidence goes in favor of Mosher, the Defendants' motion for judgment on partial findings is denied.

## II. Violation of the Automatic Stay Pursuant to 11 U.S.C. 362(a)(6)

### A. Whether There was a Violation of the Automatic Stay

Mosher asserts that the Defendants' actions, in sending statements and letters concerning condo fees due after she filed her bankruptcy petition, constitute violations of the automatic stay. Section 362(a)(6) prohibits a creditor from "any act to collect, assess, or recover a claim against the debtor that

---

[2]Fed. R. Civ. P. 52(c) provides:

If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

arose before the commencement of the case . . . ." 11 U.S.C. § 362(a)(6). (emphasis added). The majority of the amounts listed in the statements and letters sent to Mosher concern post-petition claims. Nevertheless, approximately $620 of the amounts listed do relate to prepetition claims. The First Circuit has held that violation of the stay is willful "if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id.

Several notices regarding Mosher's bankruptcy were sent to the Defendants at their address but at the ZIP code 03110-6981. The Defendants admit sending the statements and letter to Mosher after she filed for bankruptcy. Thus, there is no question as to whether the Defendants violated the automatic stay. However, the Defendants argued at trial that there was no willful violation. The Defendants believe they successfully rebutted the presumption that they received notice of Mosher's bankruptcy filing by presenting evidence showing notice was not received, because the proper ZIP code for the Defendants is 03110-7059. The Court is not convinced by the Defendants' arguments.

At trial, the Defendants admitted into evidence a postal code look up for the ZIP code 03110-6981. One of the results of the postal code lookup provides the building address where the Defendants are located along with the notation "Ste (Range 3-7)." (Ex. C.) Thomas Ducharme, president of EMI, testified that the Defendants are located in Suite 3 of their building, and mail sent to the Defendants' address with a ZIP code of 03110-6981 should be delivered to the Defendants. Additionally, the first statement sent to Mosher lists the Defendants' address with a ZIP code of 03110 and is not followed by any other numbers. Furthermore, the Court finds it difficult to believe that the Defendants did not receive any notices from this Court because the four-number code after the ZIP was incorrect. Accordingly, the Court finds that because the Defendants received notice of Mosher's bankruptcy filing and intended to send the statements and letter, the Defendants willfully violated the automatic stay.

### B. Whether Mosher is Entitled to Damages on Her Claim

Mosher asserts that because the Defendants' violation was willful, she is entitled to actual and punitive damages. Section 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." "The burden is on the debtor to prove by a preponderance of the evidence that she suffered damages as a result of the stay violation." Heghmann v. Hafiani (In re Heghmann), 316 B.R. 395, 404-05 (B.A.P. 1st Cir. 2004).

"The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (B.A.P. 9th Cir. 1995). "Actual damages should be awarded, however, only if there is evidence supporting the award of a definite amount." Sherkanowski v. GMAC Mortgage Corp. (In re Sherkanowski), 2000 WL 33679425 1, 7 (Bankr. D.N.H. 2000). While Mosher testified that the Defendants' violation affected her work and caused her emotional distress, she provided no tangible evidence of such damage. Moreover, Mosher failed to quantify any actual damages. Accordingly, Mosher is not entitled to any damages for emotional distress.

Mosher "is entitled to an award of attorney's fees and costs however." Id. at *8. "The whole point of the [§ 362(k)(1)] provision is to discourage violations of the automatic stay by appropriate sanctions - and litigation to determine and enforce the sanctions is necessarily implied." Joslyn v. Ford Motor Credit Corp. (In re Joslyn), 75 B.R. 590, 593 (Bankr. D.N.H. 1987). At trial, Mosher provided an affidavit of attorney's fees and exhibit of legal fees and expenses (Ex. 1). Considering that there are no other actual damages in this case and the violation concerned approximately $620, the Court finds that Attorney Krislov's projected amount of 23.8 hours spent on this case is unreasonable. See Rosengren v. GMAC Mortgage Corp., 2001 WL 1149478 1, 5 (D. Minn. 2001) (the court limited the award of attorney's fees in light of the de minimus nature of damages). The Court believes a more reasonable time

would have been twelve hours.  Since Attorney Krislov's rate is $200 per hour, the total damages awarded to Mosher equal $2,400 in costs and attorney's fees.

Mosher also requests punitive damages for the Defendants' violation of the automatic stay. "[A]ny award for punitive damages is within the sound discretion of the court" and should be awarded when the defendant's conduct is "malicious, wanton, or oppressive."  Federal Home Loan Mortgage Corp. v. McCormack, 1996 WL 753938 1, 6 (D.N.H. 1996).  Punitive damages are appropriate in egregious cases where such an award is necessary to punish and deter the defendant's conduct.  Romano v. U-Haul Int'l, 233 F.3d 655, 672 (1st Cir. 2000).  This is not such a case.  Thomas Ducharme testified that this was the first time the Defendants have ever been in front of a bankruptcy court for an automatic stay violation.  Further, the Defendants' actions in sending two statements and one letter do not rise to a level of reprehensible conduct such that punitive damages are necessary.

## CONCLUSION

For the reasons set out herein, the Court denies the Defendants' motion for directed verdict and finds in favor of Mosher on her complaint for violation of the automatic stay (Ct. Doc. No. 1).  The Defendants are required to pay Mosher's attorney's fees in the amount of $2,400.  The continued trial date scheduled for June 15, 2010 is hereby cancelled.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final judgment consistent with this opinion.

DATED this 8th day of June, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge